IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02536-REB

**DEE CALDWELL and BRAD CALDWELL**,

    Plaintiffs,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.**,

    Defendant.

## STIPULATED JOINT PROTECTIVE ORDER

Pursuant to the stipulation of the parties, IT IS SO ORDERED:

IT IS HEREBY STIPULATED AND AGREED, by and between the respective parties hereto and their counsel of record, that Defendant, American Family Mutual Insurance Company, and Plaintiffs, Dee and Brad Caldwell, may produce documents in their Rule 26 disclosures and in response to discovery, which they consider confidential, proprietary and/or trade secret. Such documents produced by Defendant will be bates labeled with prefix "AM CALDWELL Confidential." Such documents produced by Plaintiffs will be bates labeled with prefix "Caldwell Confidential." The production of the documents by Defendant or Plaintiffs and use of the documents by the parties and their counsel will be conducted pursuant to the following terms, restrictions and conditions:

    1. Counsel for the producing party shall review the information to be disclosed and designate the information it believes, in good faith, is confidential or otherwise entitled to protection.

2. All such documents produced by Defendant shall be labeled "AM CALDWELL Confidential." All such documents produced by Plaintiffs shall be labeled "Caldwell Confidential." It is agreed that the documents so designated are subject to this Confidentiality Agreement (hereinafter referred to as "documents").

3. Information obtained by the parties and their counsel from the documents and the documents themselves shall be used only for the purpose of prosecuting this action and only this action.

4. The documents and the information obtained from the documents shall not be released to any other person or entity for any purpose, with the exception of an individual employed by or assisting counsel in preparation for or at the trial of this action or a person who is expressly retained by the parties or their counsel for the purpose of testifying or giving opinions in this litigation, but only to the extent necessary for such person to perform his or her assigned tasks in connection with this litigation.

5. If the documents are shared with any person pursuant to Paragraph 3, Defendant's counsel or Plaintiffs' counsel shall first obtain a written agreement that the person(s) agrees to hold all such documents in confidence and agrees to the terms and conditions of this Agreement. The written agreement shall be in the form attached hereto as **Exhibit A**. Defendant's counsel and Plaintiffs' counsel shall maintain a list of all persons to whom the confidential information covered by this agreement has been shared.

6. If any documents are used or discussed in a deposition, the deposition shall remain confidential and shall not be used or distributed for any purpose other than in connection with this litigation. Any original depositions filed with the Court or used at

trial shall be sealed by the Clerk of the Court unless otherwise ordered by the Court. Counsel must designate within 14 days of receipt of the transcript any portion considered confidential.

7.     Plaintiffs may object to Defendant's designation of particular confidential information by giving written notice to Defendant disputing the designation no later than fourteen (14) calendar days after the designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) calendar days after the time the notice is received, it shall be the obligation of the Defendant to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Agreement. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Confidentiality Agreement until the Court rules on the motion.

8.     Defendant may object to Plaintiffs' designation of particular confidential information by giving written notice to Plaintiffs disputing the designation no later than fourteen (14) calendar days after the designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) calendar days after the time the notice is received, it shall be the obligation of the Plaintiffs to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Agreement. If such a motion is timely filed, the disputed information

shall be treated as confidential under the terms of this Confidentiality Agreement until the Court rules on the motion.

9. In the event that any documents or the information contained therein is included with or in any way disclosed in any discovery responses, pleading, motion, brief, or other paper filed with the Clerk of this Court, or entered into evidence by way of testimony or exhibits at trial of this matter, such confidential documents or information shall be kept under seal by the clerk until further order of the Court, and if sealed, sealing shall continue so as to prevent disclosure at the conclusion of the trial.

10. Within 30 days of the conclusion of this case, the parties' counsel will promptly provide opposing counsel with the list of individuals maintained pursuant to Paragraph 4 and a copy of the written agreement regarding confidentiality obtained from each person or entity.

11. Within 30 days of the conclusion of this case, the parties' counsel will return to opposing counsel the original documents plus all copies or reproductions of any kind made from the documents. Alternatively, the parties' counsel may certify in writing that the same have been destroyed and no copies or reproductions retained, except that counsel may retain copies necessary to comply with their ethical obligations or as required by law.

12. The production of such documents or information by the parties shall not constitute a waiver of any privilege, or claim or right of withholding, or confidentiality.

13. This Confidentiality Agreement survives this case for the purpose of enforcement.

DATED this 22nd day of April, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

Approved as to form:

*/s/   Joseph E. Okon*
Joseph E. Okon
Sandy M. Eloranto
Sutton | Booker | P.C.
4949 S. Syracuse, Suite 500
Denver, Colorado 80237
Telephone:  303-730-6204
Facsimile:   303-730-6208
E-Mail:  dsutton@suttonbooker.com
jokon@suttonbooker.com
***Attorneys for Defendant,***
***American Family Mutual Insurance Company***


*/s/ Sean B. Leventhal*
Sean B. Leventhal
Jonathan S. Sar
Daly & Black, P.C.
2211 Norfolk St., Ste 800
Houston, TX 77098
Telephone: 713-655-1405
Facsimile:   713-655-1587
E-Mail:  sleventhal@leventhalsarlaw.com
jsar@leventhalsarlaw.com
***Attorneys for Plaintiffs, Dee and Brad Caldwell***

*Dee and Brad Caldwell v. American Family Mutual Insurance Company*
Case No. 1:19-cv-02536-REB-KMT

# COMMITMENT OF QUALIFIED PERSON PURSUANT TO CONFIDENTIALITY AGREEMENT

My full name is: _____

My address is: _____

My present employer is: _____

My present occupation or job description is: _____

I hereby affirm that:

1. I have received or reviewed the following confidential documents numbered AM CALDWELL Confidential _____, or confidential documents numbered Caldwell Confidential _____. I will not reproduce or transfer any of the documents I reviewed or received.
2. I have received and read a copy of the Confidentiality Agreement entered into the action entitled *Dee and Brad Caldwell v. American Family Mutual Insurance Company*, Case Number: 1:19-cv-02536-REB-KMT
3. I understand the terms thereof and agree to be bound thereby. I will not disclose any information from the documents to persons not identified in paragraphs 3 and 4 of the Confidentiality Agreement. I will use any such information only with respect to this case;
4. I will return all documents that come into my possession and all documents or things which I have prepared which contain such information to any attorney representing the party that has employed or retained me; and
5. I am aware that a violation of such an agreement may result in civil liability. I submit to the jurisdiction of this Court for the purposes of enforcement of the Confidentiality Agreement.

DATED: _____

By:_____

**Exhibit A**